UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>KENDRA BAUMGARTNER, et al.,<br><br>Defendants. | Case No. 23-cv-01737-AMO<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Pro se plaintiff Wendell Coleman commenced this action on April 11, 2023. ECF 1. He asserts claims for violations of 10 U.S.C. § 921, 18 U.S.C. § 35, § 241, § 242, § 1001, § 1621, and 25 C.F.R. § 11.404, in connection with child custody, domestic violence, and other familial disputes. *Id.* at 2.

There are two bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction requires that the claims asserted in a complaint arise under federal law. 28 U.S.C. § 1331. Diversity jurisdiction requires that (1) the amount in controversy exceed $75,000 and (2) the parties be citizens of different states. 28 U.S.C. § 1332(a). Courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a federal court determines that it lacks subject matter jurisdiction, it must dismiss the entire complaint. *Id.*

Mr. Coleman's complaint asserts that this Court has both federal question jurisdiction and diversity jurisdiction. ECF 1 at 2. However, neither basis appears proper. First, federal question jurisdiction does not exist because the federal criminal laws on which Mr. Coleman relies provide no private right of action. *See Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2014 WL 4220319,

at *3 (N.D. Cal. Aug. 25, 2014).  There also appears to be no basis for diversity jurisdiction because, even if the amount in controversy requirement were satisfied, all parties are citizens of California based on the facts alleged in the complaint.

Accordingly, the Court orders Mr. Coleman to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Mr. Coleman must file a written response to this order by no later than September 15, 2023.  Failure to file a written response will result in dismissal of this action without prejudice.

To aid in his compliance with this Order, Mr. Coleman may wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney.  More information about the program is available online at the Court's website <https://www.cand.uscourts.gov>.

**IT IS SO ORDERED.**

Dated: August 21, 2023

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge