UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KENDRA BAUMGARTNER, et al.,<br><br>    Defendants. | Case No. 23-cv-01737-AMO<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

Pro se plaintiff Wendell Coleman commenced this action on April 11, 2023.[1] ECF 1. He asserts claims for violations of 10 U.S.C. § 921, 18 U.S.C. § 35, § 241, § 242, § 1001, § 1621, and 25 C.F.R. § 11.404, in connection with child custody, domestic violence, and other familial disputes. *Id.* at 2. On August 21, 2023, the Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction.[2] ECF 32. Mr. Coleman filed a response to the order to show cause on September 14, 2023. ECF 48, 49.

The response does not demonstrate that subject matter jurisdiction exists. As the Court explained in the order to show cause, there are two bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction requires that the claims asserted in a complaint arise under federal law. 28 U.S.C. § 1331. Diversity jurisdiction requires that (1) the amount in controversy exceed $75,000 and (2) the parties be citizens of different states. 28 U.S.C. § 1332(a). Courts have "an independent

---

[1] Mr. Coleman has filed at least three other lawsuits in this district seeking to raise the disputes presented in this action. *See Coleman v. Poire*, No. 19-cv-05167-EMC (N.D. Cal. Aug. 19, 2019) (dismissed and closed October 2, 2019); *Coleman v. Baumgartner*, No. 19-5166-VC (N.D. Cal. Aug. 19, 2019) (dismissed without leave to re-file federal claims on December 5, 2019); *Coleman v. Baumgartner*, No. 20-4683-CRB (N.D. Cal. July 9, 2020) (dismissed and closed July 13, 2021).

[2] Since the issuance of the order to show cause, Defendants have appeared and moved to dismiss the complaint. ECF 46.

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a federal court determines that it lacks subject matter jurisdiction, it must dismiss the entire complaint. *Id.*

Federal question jurisdiction does not exist here. Mr. Coleman's complaint alleges that Defendants' conduct was criminal under various federal statutes. *See* ECF 1; ECF 48 at 3; ECF 49 at 3. These criminal statutes, however, do not provide a private right of action and thus cannot serve as the basis for federal question jurisdiction. *See Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014); *Sepehry-Fard v. Bank of New York Mellon, N.A.*, No. 12-CV-1260-LHK, 2012 WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012). To the extent Mr. Coleman's complaint purports to bring a claim for "Civil Rights Violations protected by the U.S. Constitution," *see* ECF 48 at 2-3; ECF 49 at 2-3; *see also* ECF 1 at 5-6, the claims likewise fail to establish federal question jurisdiction. Such claims require state action. *See Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013). Mr. Coleman's grievances against the mother of his child and her family members arise from purely private conduct, not state action. As such, the alleged constitutional violations Mr. Coleman complains of here do not give rise to federal question jurisdiction. *See id.* ("Purely private conduct, no matter how wrongful, is not covered under § 1983."); *see also Motley v. Smith*, 775 F. App'x 371, 372 (9th Cir. 2019) (affirming dismissal where "[t]he allegations in the complaint d[id] not allege state action or a state-created danger causing the deprivation of familial association.").

Diversity jurisdiction is also not present. Diversity of the parties is determined at the time of the lawsuit is filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). The addresses Mr. Coleman provided in his complaint indicate that he and all Defendants reside in California. *See* ECF 1 at 1-2. At the time Mr. Coleman commenced this action, diversity of citizenship among the parties was therefore lacking. Mr. Coleman's response to the order to show cause confirms this. He explains that "[t]his lawsuit was filed when [he] was in Colorado," that on June 9, 2023, he "left the State of California with the intent of permanently relocating to Colorado," and that as of that date, he is "no longer working, paying taxes, holding assets, or

living in the state of California." ECF 48 at 1-2; ECF 49 at 1-2. He has since made the decision to relocate to Delaware. ECF 48 at 2; ECF 49 at 2. Mr. Coleman filed this action on April 11, 2023, *see* ECF 1, before June 9, 2023, when he left California with the intent to relocate. Thus, diversity did not exist at the time Mr. Coleman commenced this action.[3] As a result, diversity jurisdiction is not present.

Without a basis for federal question jurisdiction or diversity jurisdiction, the Court DISMISSES this action for lack of subject matter jurisdiction. All pending motions are DENIED AS MOOT. The Clerk is instructed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: September 20, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[3] By indicating that he did not leave California with the intent to remain outside the state until after he filed the complaint, Mr. Coleman's response also confirms that this jurisdictional deficiency cannot be cured by any amendment.

3